**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy L Knight, | No. CV-25-08079-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| County of Mohave, et al., | |
| Defendants. | |

The Court, on October 24, 2025, issued an Order granting both sets of Defendants' Motions to Dismiss and dismissing Plaintiff's Complaint with prejudice. (Doc. 56). On October 30, 2025, Plaintiff Nancy L. Knight filed a "Motion for Reconsideration of Dismissal of Judge Napper." (Doc. 58). Because Defendants have been dismissed from this matter, no response was filed.

A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration ... may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration

if it fails to comply with these rules. *Id.*

Plaintiff's Motion fails to comply with the requirements of LRCiv 7.2(g). At best the Court can tell, Plaintiff takes objection to the first sentence of the Court's sixteen-page Order because it mentions only the alleged constitutional violations in the Complaint and not the alleged violations of Rules 19, 54, and 91. (*See* Doc. 58 at 2). However, the alleged violations of Rules 19, 54, and 91 were referenced in the Court's Order (*see* Doc. 56 at 2–3) and duly considered in the Court's ultimate conclusion. Plaintiff also claims that the *Rooker-Feldman* doctrine and *Younger* abstention do not apply to fraud upon the court. (Doc. 58 at 2). Not only did Plaintiff not advance such an argument in her initial briefing, but the argument is without merit as Arizona does not recognize a private right of action for fraud upon the court. *See Lemmen Meyer v. Mandig*, 2019 WL 6336541, *2 (Ariz. Ct. App. 2019). Otherwise, Plaintiff's Motion merely expresses her dissatisfaction with the Court's Order. *See Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly.") (internal citations omitted). Overall, Plaintiff's "Motion to Reconsider neither discloses any new facts, nor reveals any manifest error of law. The facts and circumstances which caused this Court to rule against Defendants have not changed." *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Dismissal of Judge Napper (Doc. 58) is **DENIED**. This matter shall remain closed.

Dated this 5th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge